### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **RAY CHARLES SPIVEY, # B-43143** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 16-cv-00639-SMY** |
| | ) | |
| **SALVADOR GODINEZ,** | ) | |
| **TAYLOR, KIMBERLY BUTLER,** | ) | |
| **LASHBROOK, HARRINGTON,** | ) | |
| **HUGHES, MARTINATI, TROKEY,** | ) | |
| **SMOLAK, PELKER,** | ) | |
| **MENNERICH, TINDAL, BEBOUT,** | ) | |
| **HARDBERG, HARRIS, ROTH,** | ) | |
| **HOFFMAN, MEZO, SMITH, HART,** | ) | |
| **N. BEBOUT, SHIELDS, COX,** | ) | |
| **BEMER, SLAVEN, PHELPS, BERRY,** | ) | |
| **WEAVER, HARRIS, NEWCOMB,** | ) | |
| **EASTON, SWISER, BROCK, HOOD,** | ) | |
| **TOVAR, MILEUR, BRUMVELE,** | ) | |
| **SULTER, JONES,** | ) | |
| **KOMARCEIK, CUSHMAN,** | ) | |
| **HANKS, DUNBAR,** | ) | |
| **WEXFORD HEALTH SOURCE, INC.,** | ) | |
| **TROST, FUENTES, KIRK, LANG,** | ) | |
| **MISSY THOMPSON,** | ) | |
| **BETSY STEPHONA, NEIPTER,** | ) | |
| **KUNUPP, and JOHN DOE 1,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), brings this

*pro se* civil rights action pursuant to 42 U.S.C. § 1983.

This matter is before the Court on Plaintiff's Motion for Leave to Proceed *in forma*

*pauperis* ("IFP") (Doc. 2). Plaintiff seeks leave to proceed IFP in this case without prepayment

of the Court's usual $400.00 filing fee in a civil case. *See* 28 U.S.C. § 1914(a).  Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Upon tender of a proper affidavit and certified copy of a trust fund account statement, a prisoner then is assessed an initial partial filing fee of twenty percent of the greater of: (1) the average monthly deposits to the prisoner's trust fund account; or (2) the average monthly balance in the prisoner's trust fund account for the six-month period immediately preceding the filing of the prisoner's suit. *See* 28 U.S.C. § 1915(b)(1)(A)-(B). After payment of an initial partial filing fee, a prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's trust fund account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of a prisoner must forward payments from the prisoner's trust fund account to the clerk of the district court where the prisoner's case is pending each time the amount in the account exceeds $10.00 until the filing fee in the case is paid. *See id.* Importantly, a prisoner incurs the obligation to pay the filing fee for a lawsuit when the lawsuit is filed, and the obligation continues regardless of later developments in the lawsuit, such as denial of leave to proceed IFP or dismissal of the suit. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998); *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

In this case, Plaintiff has tendered an affidavit of indigence that is sufficient as to form. However, Pursuant to 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The statute provides further that, "[o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915A(b)(1). Under 28 U.S.C. § 1915(g),

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). Review of documents filed in the electronic docket of this Court and the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) discloses the following actions brought by Plaintiff while a prisoner seeking redress from officers or employees of a governmental entity that have been dismissed pursuant to 28 U.S.C. § 1915A as being frivolous or for failure to state a claim upon which relief may be granted: *Spivey v. Elk,* Case No. 91-cv-8201 (N.D. Ill., dismissed Dec. 31, 1991, Dkt. 5); *Spivey v. Kirkles, et. al.,* Case No. 91-cv-8203 (N.D. Ill., dismissed Jan. 10, 1992); and, *Spivey v. Walker, et. al,* Case No. 05-cv-00163 (S.D. Ill., dismissed Jan. 1, 2007, Doc. 15). Because Plaintiff has three or more "strikes" for purposes of § 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury.

The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

In this case, Plaintiff's complaint, as well as Plaintiff's motion for leave to proceed IFP, are devoid of allegations that might lead the Court to conclude that Plaintiff is under imminent danger of serious physical injury. Plaintiff's complaint contains numerous allegations of injuries and potential harm, but all of his allegations relate to scenarios that occurred in the past. One of the notable issues Plaintiff identified was difficulty securing medical care for an injury he sustained to his eye during a fight. However, in one part of his Complaint he says he did receive care for his eye in July 2014 (Doc. 1-1 at 8). In another portion of his complaint, he alleged that he was only denied medical care from 2011 to February 2016 (*Id.* at 12).

Plaintiff also chronicled a number of complaints about previous cell mates posing a threat due to gang allegiances, age, or the possibility that the cell mates bore diseases such as tuberculosis (*See e.g. id.* at 4, 7). Additionally, Plaintiff expresses general displeasure with the grievance procedure because he feels it has taken too long and his grievances are still pending. These claims fail because they do not present a risk of imminent danger and a Plaintiff does not

have a constitutionally protected interest in a prison grievance procedure. *See id.; Grieverson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008) (noting that any right to a grievance procedure is a procedural right and thus is not the proper fruit of a substantive due process claim).

Plaintiff also makes reference to previous lawsuits that were dismissed for various reasons, requesting to reinstate those suits, despite no new information about their merits (*Id.* at 6). Finally, Plaintiff makes sweeping allegations about racial tensions and First Amendment violations endured based upon his racial identity. However, he does not identify specific ways in which these tensions present ongoing and imminent threats of physical injury or harm. Allegations of past harm are not sufficient to overcome the imminent danger threshold. *See Ciarpaglini*, 352 F.3d at 330.

Plaintiff has not shown that he is under imminent danger of serious physical injury so as to escape the "three-strikes" rule of Section 1915(g).  Thus, he cannot proceed IFP in this case. Therefore, it is hereby **ORDERED** that Plaintiff's motion for leave to proceed IFP in this case (Doc. 2) is **DENIED**. It is **further ORDERED** that Plaintiff shall pay the full filing fee of $400.00 for this action within **twenty-one (21) days** of the date of entry of this Order. If Plaintiff fails to comply with this Order in the time allotted by the Court, this case will be dismissed. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents, and may result in a dismissal of this action for want of prosecution.

**IT IS SO ORDERED.**

**DATED: November 7, 2016**

s/ STACI M. YANDLE
**STACI M. YANDLE**
**United States District Judge**