IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAY CHARLES SPIVEY, # B-43143, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 16-CV-639-SMY |
| SALVADOR GODINEZ, et al., | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Reconsideration (Doc. 7). Plaintiff Ray Charles Spivey is seeking reconsideration of the Court's Order denying him leave to proceed on his Section 1983 civil rights complaint *in forma pauperis* ("IFP") (Doc. 6). The Order provides that Plaintiff must pay the full filing fee of $400.00 for his action within twenty-one (21) days of the date of entry of the Order and that the failure to do so would result in dismissal of his case. The Order was entered on November 7, 2016, giving Plaintiff until November 28, 2016 to pay the filing fee. Plaintiff did not pay the filing fee or take any action until November 29, 2016 when he filed the current motion seeking reconsideration.

Plaintiff's motion to proceed IFP was denied because he was in violation of the "three strikes" rule and he was not under imminent danger of serious physical injury. All of Plaintiff's claimed injuries were alleged to have occurred in the past. Plaintiff now seeks reconsideration based on an alleged misunderstanding of the nature of his claim.

"A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v.*

*California*, 460 U.S. 605, 618 n. 8 (1983)); Fed. R. Civ. P. 54(b) (providing a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). The decision whether to reconsider a previous ruling in the same case is governed by the law of the case doctrine. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). The law of the case is a discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as a manifest error or a change in the law that reveals the prior ruling was erroneous. *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008); *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007).

Here, no change of law has occurred and, upon review of Plaintiff's motion and the Court's Order at Doc. 6, no manifest error is evident. The Court did not misunderstand Plaintiff's position. To the contrary, Plaintiff's motion for reconsideration merely reiterates his past injuries and asserts that he is "still in Menard Correctional Center." There are still no allegations of imminent danger of serious physical injury.

Accordingly, Plaintiff's Motion for Reconsideration (Doc. 7) is **DENIED**. Further, Plaintiff failed to comply with the Court's order to pay the filing fee by November 28, 2016. As such, this case is **DISMISSED** without prejudice. All pending motions are denied as moot.

**IT IS SO ORDERED.**

**DATED: December 7, 2016**

                                                     s/ Staci M. Yandle
                                                   **STACI M. YANDLE**
                                                   **United States District Judge**